

372 South Plank Road, Suite 2
Newburgh, New York 12550
Main: (845) 534-6472
Fax: (845) 579-3064
www.jrgoldmanlaw.com

Jonathan R. Goldman, Esq.
Direct Ext: 1001
Email: jgoldman@jrgoldmanlaw.com

**VIA ECF**

May 22, 2026

Hon. Cathy Seibel, U.S.D.J.
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

   Re: *Bakken v. U.S. Military Academy, et al.*
     No. 25-cv-07826 (CS)

Dear Judge Seibel,

   This office is co-counsel to Plaintiff Tim Bakken in the above-referenced matter. I respectfully submit this letter in response to the Government's May 21, 2026 letter and accompanying Declaration of Col. Watts, which it submits in further support of its opposition to Bakken's motion for a preliminary injunction. Respectfully, the Government's submission does not materially alter the facts or legal analysis relevant to Bakken's motion.

   In his Amended Complaint, Bakken alleged, "On August 12, 2025, Defendant Reeves addressed all civilian and military members of the faculty and instructed them on what they may say while teaching Cadets in the classroom: "The classroom is meant to be a professional environment . . . . If you start to feel that perhaps maybe you're starting to advocate for a particular position or ideology, which I don't think you do, when you're taking a position where you're like why we believe this so I'll help the Cadets believe this way, you're wrong. That's not what we do. They don't need to know what I believe" (ECF No. 11 ¶ 103) (the "Classroom Directive"). Bakken understood Reeves' admonition as a directive from a superior, disobedience of which could result in discipline, and, thereafter, he altered his classroom conduct to comply with this directive (*Id.* ¶ 105; ECF No. 49 ¶¶ 27-33). His Third Claim for Relief alleges that Reeves' Classroom Directive constitutes an impermissible prior restraint of his classroom speech and academic freedom in violation of the First Amendment (ECF No. 11 ¶ 128-30).

   Col. Watts May 11, 2026 Memorandum purports to address this Third Claim for Relief by asserting: "In-classroom rules have remained substantially unchanged for the duration of your 25+ year employment at West Point. The Dean's comments did not alter long-standing policy and must

be considered only in conjunction with USMA Reg. 150-4 and the Dean's Annual Guidance" (ECF No. 66-1 ¶ 2).  But this assertion does not materially change anything relevant to this case.[1]

Initially, and notably, neither Watts' Memorandum nor her Declaration deny that Reeves said what Bakken attributes to him.  Indeed, her Memorandum seems to concede the matter when it states: "The Dean's comments did not alter long-standing policy and must be considered only in conjunction with USMA Reg. 150-4 and the Deans' Annual Guidance."  The absence of a denial, coupled with the Memorandum's express reference to the "Dean's comments" and instruction on how they "must be considered" should be viewed as an admission that Reeves so spoke.

More critically, the Memorandum does not retract or disavow Reeves' Classroom Directive.  To the contrary, it reaffirms that his August 12, 2025 comments "must be considered" in light of USMA's existing policies.  Absent a retraction of Reeves' comments and an affirmative assurance that professors may express their positions, opinions and viewpoints in class on the matters they teach, Watts' Memorandum is reasonably interpreted as taking the position that USMA's extant policies *already encompass* the prohibition on professors' expression of opinions Reeves articulated in his Classroom Directive.  Thus, the Government's attempt to "clarify" the Classroom Directive *vis-à-vis* existing policies does not remedy anything, and the constitutional infirmity remains.  *See Corso v. Fischer*, 983 F.Supp.2d 320, 329-31 (S.D.N.Y. 2013) (Seibel, J.) (noting mid-litigation amendment to challenged policy did not moot constitutional challenge, where defendant claimed amendment simply clarified existing policy and was not intended to alter extant substantive rules).

In short, the content of Reeves' Classroom Directive has not been retracted, and USMA's purported clarification does not cure the constitutional infirmity of its prohibition on professors expressing their opinions.  And even if it did, the Government provides no assurance that the same or similar directive will not re-issue or that Defendants will not interpret their existing policies as encompassing the prohibitions articulated in Reeves' Classroom Directive.  Judicial resolution of the issue is necessary to ensure a remedy to this continuing constitutional violation and to ensure it is not expanded or repeated in the future.

Respectfully submitted,

*/s/ Jonathan R. Goldman*

Jonathan R. Goldman, Esq.

cc: All counsel of record (by ECF)

---

[1] As an aside, we note that Col. Watts' Memornadum inaccurately characterizes Bakken's claims to a certain extent.  Specifically, she writes: "I have been made aware that in current litigation, your Complaint alleges you feel you are unable to perform your duties as a Professor in the Department of Law & Philosophy in the classroom because DPOM 03-24 'extends to the classroom,' and because of comments you asserted BG Reeves, the Dean made on 12 Aug 25."  But Bakken does not allege, and has not argued, that DPOM "extends to the classroom," and his Third Claim for relief is based entirely on Reeves' Classroom Directive, not DPOM 03-24.  Moreover, Bakken has not claimed that he is "unable to perform" his duties as professor.  Rather, he contends that the Classroom Directive impermissibly chills his classroom speech and unconstitutionally burden's his right to academic freedom.